UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-264-RJC-DSC

| | |
|---|---|
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, ) ) ) Plaintiff, ) ) v. ) ) JORDAN SCOTT CAIN and GOLD ) DISTRIBUTORS, INC., ) ) Defendants. ) | TEMPORARY RESTRAINING ORDER |

THIS CAUSE is before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery (the "Motion"), filed on April 27, 2012, and served on the defendants' purported counsel, Clifford Hunt, via email and Federal Express on April 30, 2012. Plaintiff Allianz Life Insurance Company of North America ("Allianz") moves, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for entry of a Temporary Restraining Order against Defendants Jordan Cain ("Cain") and Gold Distributor's Inc. The Court held a hearing on May 2, 2012. The Court advised Clifford Hunt of the time and place of this hearing 24 hours earlier. Upon review of the Motion and accompanying declarations and other evidence, and being otherwise sufficiently advised, the Court finds that the Motion should be granted. Based on the declarations and other evidence submitted by Allianz, the Court finds:

1. that Allianz has demonstrated a substantial likelihood of success on the merits of its claim against Cain for breach of contract and against both Defendants for tortious interference;

2. that while affiliated with Allianz, Cain executed an agreement that contained

restrictions precluding him from using Allianz records and information or soliciting Allianz's clients for any outside purpose, and after termination of his affiliation with Allianz, for any purpose whatsoever;

3. that Allianz has presented substantial evidence that Cain has violated his agreements with Allianz;

4. that Allianz and its policyholders will suffer irreparable harm and loss if Defendants are permitted to continue to solicit Allianz's clients to surrender or partially surrender their annuities to invest in gold, either directly or through Cain's network of other individuals because the loss of Allianz's clients cannot later be undone;

5. that greater injury will be inflicted upon Allianz by the denial of temporary injunctive relief than would be inflicted upon Defendants by the granting of such relief;

6. that issuance of this Order would not be adverse to the public interest;

7. that notice was given to Clifford Hunt because he previously represented the defendants in matters involving Allianz, but that Mr. Hunt has since declared that he has not been retained in this matter; and

8. A $500 bond is sufficient to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.

Accordingly, it is hereby **ORDERED** that Plaintiff's Emergency Motion for Temporary Restraining Order is **GRANTED**, according to the terms set forth below:

    a. Defendants are temporarily enjoined and restrained, directly and indirectly, from

i. soliciting Allianz policyholders for the purpose of inducing any Allianz policyholder to surrender their Allianz annuity, to invest in gold or in any other product or commodity offered by Cain or Gold Distributors, Inc., or for any other purpose;

ii. using, disclosing, or transmitting for any purpose, Allianz policyholder documents, Allianz policyholder information, or any other documents, materials and/or confidential proprietary information pertaining to Allianz, Allianz employees, and/or Allianz customers. This injunction and restraint includes, but is not limited to, originals or copies of Allianz insurance policies or annuities, Allianz annual statements or other statements of policy value, Allianz policyholder lists, Allianz policyholder names, addresses, telephone numbers, birth dates, social security numbers, rates of return, or financial investment information; and

iii. accessing Allianz's electronic computer systems or computerized company or policyholder information, either directly or indirectly through any person or device.

b. Defendants are further directed to immediately collect and preserve all confidential and proprietary information described in paragraph (a) of this Order in their possession, custody, or control, to be preserved until such time as this Court determines whether to issue a preliminary injunction. Defendants are enjoined and restrained from destroying any such information, and are instead directed to contact and collect such information from all those acting in concert with them, including but not limited to the directors, officers, employees, and agents of Gold Distributors, Inc., Vincent "Vinnie" Caputo, John Apern, Jeff Hines, First Financial Guarantee & Value, Tiffany "Doe," whose surname is unknown, Markus Conversino, Belinda Royer, and Jim Little.

c. This temporary restraining order is binding upon Cain, Gold Distributors, Inc., as well as other persons or entities in active concert or participation with them,

including but not limited to those individuals and entities identified in paragraph (b) above, who have received notice of this Order by personal service or otherwise, and over whom this Court may exercise personal jurisdiction;

d. this Order shall remain in full force and effect for a period of fourteen days pursuant to Rule 65 of the Federal Rules of Civil Procedure;

e. Defendants shall appear for a hearing regarding Plaintiff's request for a preliminary injunction at 10 a.m. on May 14, 2012. Said hearing will be before United States District Judge Robert Conrad at the United States Courthouse, 401 West Trade Street, Courtroom 2, Charlotte, North Carolina 28202; if it has not done so already, Plaintiff Allianz shall serve Defendants, individually and through Attorney Pete Anderson who may be retained in this matter, with a copy of the Summons, Complaint, Motion for Temporary Restraining Order, and this Order; Defendants' opposition to the motion for a preliminary injunction shall be served no later than May 7, 2012; and Plaintiffs shall file any supplemental briefs on or before May 9, 2012.

f. Plaintiff shall post a bond of $500 in accordance with Federal Rule of Civil Procedure 65(c).

**SO ORDERED**, this 2nd day of May 2012, at 10:37 a.m.

Signed: May 2, 2012

Robert J. Conrad, Jr.
Chief United States District Judge