UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-264-RJC-DSC

| | |
|---|---|
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>JORDAN SCOTT CAIN and GOLD DISTRIBUTORS, INC.,  )<br>)<br>Defendants.  ) | CONSENT PRELIMINARY INJUNCTION |

THIS CAUSE is before the Court on the Emergency Motion of Plaintiff Allianz Life Insurance Company of North America ("Allianz") for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery (the "Motion") (DE 3). On May 2, 2012, the Court granted the Motion in part by entering a Temporary Restraining Order (DE 15) (the "TRO"). The Court also set a briefing schedule and a May 14, 2012 hearing on Allianz's request for a preliminary injunction. (DE 15, p. 4 ¶ (e)). On May 10, 2012, the Court entered an order (DE 22) extending the briefing and hearing schedule and, for good cause shown, extending the expiration date of the TRO through May 23, 2012.

The parties have entered into a Joint Stipulation (DE 25) through which they agreed to the entry of this Consent Preliminary Injunction Order. Defendants have not filed a response to the Motion, nor have they submitted any evidence that would cause the court to revisit the findings it made in entering the TRO. Defendants assert that, in the interest of bringing resolution and closure, they did not file a response to the Motion, and that their response would have put forth counterarguments. Without making any admissions or concessions regarding the underlying merits of the dispute, Defendants, through the Joint Stipulation, have agreed to the injunctive relief sought

by Allianz in the interest of promoting a resolution of the Motion.

In addition to the parties' Joint Stipulation, the Court has considered Allianz's Motion (DE 3), Memorandum of Law (DE 4), declarations, and other evidence submitted therewith. Based on the foregoing, and in accordance with Federal Rule of Civil Procedure 65(d), the Court makes the following findings, which are binding solely with respect to the enforcement of this proceeding for injunctive relief, and do not constitute a ruling on the merits of Allianz's claims for damages, including but not limited to, its claim for breach of contract:

1. that by stipulating to this Preliminary Injunction, Defendants do not admit or deny any of the allegations set forth in the Complaint or the Motion, other than jurisdictional facts, which Defendants admit only insofar as they relate to the Court's jurisdiction to enter and enforce this Consent Preliminary Injunction Order;
2. that the stipulation and entry of this Preliminary Injunction is not to be construed or deemed a waiver of any claims or defenses that may be raised in this action by any party;
3. that Allianz has demonstrated a substantial likelihood of success on the merits of its claim against Cain for breach of contract and against both Defendants for tortious interference;
4. that while affiliated with Allianz, Cain executed an agreement that contained restrictions precluding him from using Allianz records and information or soliciting Allianz's clients for any outside purpose, and after termination of his affiliation with Allianz, for any purpose whatsoever;
5. that Allianz has presented substantial evidence that Cain has violated his agreement with Allianz;

2

6. that Allianz has made a clear showing that Allianz and its policyholders will suffer irreparable harm and loss if the Court does not enter a preliminary injunction;

7. that the mandatory injunctive relief set forth herein is justified because Allianz has presented substantial evidence that in the absence of mandatory relief, Allianz will be subject to irreparably worsening conditions including the dilution of Allianz's trademarks, confusion among Allianz's customers, and an unrecoverable loss of goodwill. The mandatory relief addressed herein is necessary to mitigate the present exigencies and restore the parties, to the extent possible, to the last peaceable and uncontested period before the dispute began;

8. that greater injury will be inflicted upon Allianz by the denial of a preliminary injunction than would be inflicted upon Defendants by the granting of such relief;

9. that issuance of this Order would not be adverse to the public interest;

10. that, on May 4, 2012, Defendants, through counsel, accepted service of the Summons (DE 8), Complaint for Temporary Restraining Order and Preliminary Injunction (DE 1), Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery (DE 3), Memorandum of Law in Support of Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery (DE 4), and the Court's Temporary Restraining Order (DE 15);

11. that Defendants have reviewed the TRO, and have represented that they are complying with the TRO, including the collection and preservation of Allianz's confidential and proprietary customer information and materials;

12. that Defendants have already returned certain materials and provided certain information

to Allianz, and Allianz has agreed to preserve those materials during the pendency of this litigation;

13. that the parties are continuing to work toward a permanent resolution of the issues raised in the Complaint;

14. that all parties agree and stipulate that this Preliminary Injunction is binding in form and scope pursuant to Federal Rule of Civil Procedure 65(d); and

15. that the $500 bond Allianz submitted pursuant to the TRO is sufficient to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained and shall carry forward through the pendency of the preliminary injunction.

Accordingly, it is hereby **ORDERED AND ADJUDGED** by consent of the parties that Allianz's Motion for Preliminary Injunction is **GRANTED**, and

Defendants are preliminarily enjoined and restrained, directly and indirectly, from:

1.
    a. soliciting Allianz policyholders for the purpose of inducing any Allianz policyholder to surrender their Allianz annuity, to invest in gold or in any other product or commodity offered by Cain or Gold Distributors, Inc., or for any other purpose;

    b. using, disclosing, or transmitting for any purpose, Allianz policyholder documents, Allianz policyholder information, or any other documents, materials and/or confidential proprietary information pertaining to Allianz, Allianz employees, and/or Allianz customers. This includes, but is not limited to, originals or copies of Allianz insurance policies or annuities, Allianz marketing materials that include Allianz's logo or product names, Allianz annual statements or other statements of policy value, Allianz policyholder lists, Allianz policyholder names, addresses, telephone numbers, birth dates, social security numbers, rates of return, or financial investment information; and

    c. accessing Allianz's electronic computer systems or computerized company or policyholder information, either directly or indirectly

4

through any person or device.

2. To the extent that they have not already done so, Defendants are further directed to immediately provide to Allianz all confidential and proprietary information described in paragraph 1(b) above, which the Court ordered them through the TRO to collect and preserve. *See* (DE 15 at 3 ¶ (b)).

3. To the extent that they have not already done so, Defendants are directed to immediately destroy all electronic and paper copies of the information returned to Allianz that has not already been destroyed.

4. Defendants are directed to provide to Allianz, within 10 days of the entry of this Order, true and correct copies of any scripts or the text of any standard oral presentations and any sales literature or advertising, or form of report, letter, circular, memorandum, publication or other documents of any kind provided to Allianz customers or used in the solicitation of Allianz customers by the Defendants or their seller-brokers. Defendants are further directed to provide to Allianz, within 30 days of the entry of this Order, all account applications, trade confirmations, account statements, depository certificates, or other documents of any kind representing the purchase of precious metals, or any interest therein, by any Allianz customer from or through Defendants, unless Defendants, within 10 days of the entry of this Order, file a motion seeking modification of this Order based upon a good faith belief that the production of such documents pursuant to this Order is prohibited by federal or state statute or regulation, with the enforceability of this provision to be left to this Court should Defendants file such motion.

5. To the extent they have not already done so, Defendants are further directed to immediately provide to Allianz a list, including the name, current address, telephone number and email address, of every broker-seller of Gold Distributors, Inc. that has received or viewed Allianz's confidential customer information or solicited any Allianz policyholder.

6. Defendants are directed to immediately provide to Allianz a list, including the name, current address, telephone number and email address, of each person and entity with whom the Defendants may have shared Allianz's documents and data, whether or not such person became a seller-broker for the Defendants.

7. To the extent that they have not already done so, Defendants are directed to immediately provide Allianz with a list or documents reflecting every Allianz customer approached by the Defendants or their broker-sellers.

8. To the extent that they have not already done so, Defendants are directed to provide Allianz with a complete list of every Allianz customer who surrendered, partially surrendered, or otherwise withdrew any cash value from an Allianz policy or product as a result of a solicitation by Defendants or their broker-sellers, whether or not the surrender or withdrawal resulted in an investment with the Defendants.

9. If the parties' dispute cannot be fully resolved within the next sixty (60) days, and if Allianz deems it necessary after reviewing the documents produced by the Defendants, Defendants have agreed and are directed to sit for a deposition, under oath, pursuant to Fed. R. Civ. P. 30, within 30 days of notice served on Defendants, or either of them. If deemed necessary, Defendants' depositions will take place in Miami, Florida in accordance with the Federal Rules of Civil Procedure.

10. Defendants are ordered to file, within 10 days of the entry of this Order, a Declaration and Certificate of Compliance, attesting under penalty of perjury, that they have taken the following actions:

    a. provided actual notice, through personal service or otherwise, of the TRO and this Preliminary Injunction Order to all of their officers, agents, servants, employees, and attorneys, and any other persons who are or have been in active concert or participation with them to solicit Allianz policyholders,

        including but not limited to Markus Conversino, Vincent Caputo, Tiffany Beekhuysen, Jeffrey Hines, Barry Miele, and Belinda Royer;

    b.     instructed each person and entity involved with the subject matter herein to cease and desist from contacting or soliciting Allianz policyholders, including but not limited to Markus Conversino, Vincent Caputo, Tiffany Beekhuysen, Jeffrey Hines, Barry Miele, and Belinda Royer;

    c.     returned to Allianz all of the documents and data described in paragraph 1(b) above;

    d.     collected and returned to Allianz from the persons listed in paragraphs 10(a) and (b) above, all of the documents and data described in paragraph 1(b) above;

    e.     destroyed all electronic and paper copies of information provided to Allianz as a result of the TRO or the provisions of this Order;

    f.     provided to Allianz the documents and information required by paragraph 4 above;

    g.     provided to Allianz a list, including the name, current address, telephone number and email address, of every broker-seller of Gold Distributors, Inc. that has received or viewed Allianz's allegedly confidential customer information or solicited any Allianz policyholder;

    h.     provided to Allianz a list, including the name, current address, telephone number and email address, of each person and entity with whom they have shared Allianz's documents and data, whether or not such person became a seller-broker for the Defendants;

    i.     provided Allianz with a list or document reflecting every Allianz customer approached by the Defendants or their broker-sellers; and

    j.     provided Allianz with a complete list of every Allianz customer who surrendered, partially surrendered, or otherwise withdrew any cash value from an Allianz policy or product as a result of a solicitation by Defendants or their broker-sellers, whether or not the surrender or withdrawal resulted in an investment with the Defendants.

11.     This Preliminary injunction order is binding upon Defendants Cain and Gold Distributors, Inc. as well as other persons or entities in active concert or participation with them including but not limited to those individuals and entities identified in paragraphs 10(a) and (b) above, who have received notice of this Order by personal service or otherwise, and over whom this Court may exercise personal jurisdiction; and

12. The parties are directed to notify the Court of any final resolution of this litigation within 30 days of such resolution.

**SO ORDERED.**

Signed: May 21, 2012

*/s/ Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
Chief United States District Judge

8