# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:12-cv-264-RJC-DSC

| | |
|---|---|
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, ) ) ) Plaintiff, ) ) v. ) ) JORDAN SCOTT CAIN and GOLD ) DISTRIBUTORS, INC., ) ) Defendants. ) ) | **ORDER** |

**THIS MATTER** comes before the Court on the Joint Motion of Plaintiff Allianz Life Insurance Company of North America ("Allianz") and Defendants Jordan S. Cain and Gold Distributors, Inc. to convert the Court's May 21, 2012 Consent Preliminary Injunction, (Doc. No. 26), into a Permanent Injunction.

On April 27, 2012, Allianz filed its Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery (Doc. No. 3) (the "Emergency Motion") in this case. On May 2, 2012, the Court granted the Emergency Motion in part by entering a Temporary Restraining Order (Doc. No. 15) (the "TRO"). The Court also set a briefing schedule and a May 14, 2012 hearing on Allianz's request for a preliminary injunction. (Doc. No. 15 at 4 ¶ (e)). On May 10, 2012, the Court entered an order (Doc. No. 22) extending the preliminary injunction briefing and hearing schedule and, for good cause shown, extending the expiration date of the TRO through May 23, 2012.

Prior to the expiration of the TRO, the parties entered into a Joint Stipulation for Entry of Consent Preliminary Injunction Order (Doc. No. 25). The Court entered the Consent Preliminary

Injunction Order (Doc. No. 26) (the "Preliminary Injunction") on May 21, 2012. As required by the Preliminary Injunction, Defendants filed a Declaration and Certificate of Compliance on May 30, 2012 (Doc. No. 30). On December 17, 2012, Plaintiff took the deposition of Jordan Scott Cain.

The parties have now agreed to the terms of this Final Consent Order for Permanent Injunctive Relief (the "Permanent Injunction") to resolve Allianz's equitable claims against the Defendants, and to preserve any damages claims, including claims for attorneys' fees, for arbitration. Neither of the Defendants has filed a responsive pleading in this case, nor have the Defendants submitted any evidence that would cause the court to revisit the findings it made in entering the TRO or the Preliminary Injunction Order. Defendants assert that, in the interest of bringing resolution and closure, they do not intend to file answers, and that their answers would have denied many of Defendants' allegations and would have asserted affirmative defenses. Defendants admit only those facts that Defendant Cain provided through sworn testimony at his deposition in this action.

In addition to the parties' Motion, the Court has considered Allianz's prior Emergency Motion (Doc. No. 3) and Memorandum of Law (Doc. No. 4), the declarations, deposition, and other evidence submitted therewith.

Based on the foregoing, and in accordance with Federal Rule of Civil Procedure 65(d), the Court makes the following findings:

1. that by stipulating and agreeing to the entry of this Permanent Injunction, Defendants do not admit any of the allegations set forth in the Complaint or the Motion, other than jurisdictional facts, which Defendants admit insofar as they relate to the Court's jurisdiction to enter and enforce this Final Judgment;

2. that, pursuant to the parties' agreement, Allianz has not waived and has expressly reserved its right to a separate adjudication of any damages claims against Cain through arbitration;

3. that while affiliated with Allianz, Cain executed an agreement that contained restrictions precluding him from using Allianz records and information or soliciting Allianz's clients for any outside purpose, and after termination of his affiliation with Allianz, for any purpose whatsoever;

4. that Allianz presented evidence that Cain used Allianz records and information and solicited Allianz's clients for an outside purpose, before and after termination of his affiliation with Allianz, and Defendants deny he used Allianz records or information improperly or in violation of any agreement Defendants had with Allianz;

5. that multiple Allianz clients withdrew cash value from Allianz annuities, to invest in the Defendants' gold and precious metals business;

6. that Allianz established that it has an inadequate remedy at law and Allianz and its policyholders could suffer irreparable harm and loss if the Court does not enter a permanent injunction;

7. that the mandatory injunctive relief set forth herein is justified because Allianz contends that in the absence of mandatory relief, Allianz could be subject to irreparably worsening conditions including the dilution of Allianz's trademarks, confusion among Allianz's customers, and an unrecoverable loss of goodwill. Allianz contends the mandatory relief addressed herein is necessary to permanently restore the parties, to the extent possible, to the last peaceable and uncontested period before the dispute began;

8. that greater injury could be inflicted upon Allianz by the denial of a permanent injunction than would be inflicted upon Defendants by the granting of such relief;

9. that issuance of permanent injunctive relief in this Final Judgment would not be adverse to the public interest;

10. that the entry of the this Permanent Injunction resolves the merits of the equitable issues raised in the Complaint;

11. that all parties agree and stipulate that this Permanent Injunction is binding in form and scope pursuant to Federal Rule of Civil Procedure 65(d); and

12. that the $500 bond provided by Allianz to secure the TRO is no longer necessary and shall be returned to Allianz.

13. Allianz and the Defendants acknowledge that they have knowingly and voluntarily agreed to the entry of this Permanent Injunction after reviewing the same with their counsel and having had ample opportunity to consult with counsel.

14. Allianz and the Defendants understand the undertakings, obligations and terms of this Permanent Injunction.

Accordingly, it is hereby **ORDERED** by agreement and consent of the parties that the Joint Motion for Entry of a Permanent Injunction (Doc. No. 39) is **GRANTED**, and:

1. A Permanent Injunction is hereby entered. Defendants are permanently enjoined and restrained, directly and indirectly, from:

   a. soliciting Allianz policyholders for the purpose of inducing any Allianz policyholder to surrender their Allianz annuity, to invest in gold or in any other product or commodity offered by Cain or Gold Distributors, Inc., or for any other purpose;

   b. using, disclosing, or transmitting for any purpose, Allianz policyholder documents, Allianz policyholder information, or any other documents, materials and/or confidential proprietary information pertaining to Allianz,

>>>>Allianz employees, and/or Allianz customers.  This includes, but is not limited to, originals or copies of Allianz insurance policies or annuities, Allianz marketing materials that include Allianz's logo or product names, Allianz annual statements or other statements of policy value, Allianz policyholder lists, Allianz policyholder names, addresses, telephone numbers, birth dates, social security numbers, rates of return, or financial investment information; and

>>>c. accessing Allianz's electronic computer systems or computerized company or policyholder information, either directly or indirectly through any person or device.

2. As directed in the Preliminary Injunction (Doc. No. 26 at 5, ¶ 2), to the extent that they have not already done so, Defendants are further directed to immediately provide to Allianz all confidential and proprietary information described in paragraph 1(b) above.

3. As directed in the Preliminary Injunction (Doc. No. 26 at 5, ¶ 3), to the extent that they have not already done so, Defendants are directed to immediately destroy all electronic and paper copies of the information returned to Allianz that has not already been destroyed.

4. As directed in the Preliminary Injunction (Doc. No. 26 at 5, ¶ 4), to the extent they have not already done so, Defendants are directed to provide to Allianz, within 7 days of the entry of this Order, true and correct copies of any further scripts or the text of any standard oral presentations and any sales literature or advertising, or form of report, letter, circular, memorandum, publication or other documents of any kind provided to Allianz customers or used in the solicitation of Allianz customers by the Defendants or their seller-brokers.  As also directed in the Preliminary Injunction (Doc. No. 26 at 5, ¶ 4), to the extent they have not already done so, Defendants are further directed to provide to Allianz, within 7 days of the entry of this Order, all account applications, trade confirmations, account statements, depository certificates, or other documents of any kind representing the purchase of precious metals, or any interest therein, by any Allianz customer from or through Defendants.

5. As directed in the Preliminary Injunction (Doc. No. 26 at 5, ¶ 5), to the extent they have not already done so, Defendants are further directed to immediately provide to Allianz a list, including the name, current address, telephone number and email address, of every broker-seller of Gold Distributors, Inc. that has received or viewed Allianz's confidential customer information or solicited any Allianz policyholder.

6. As directed in the Preliminary Injunction (Doc. No. 26 at 6, ¶ 6), to the extent they have not already done so, Defendants are directed to immediately provide to Allianz a list, including the name, current address, telephone number and email address, of each person and entity with whom the Defendants may have shared Allianz's documents and data, whether or not such person became a seller-broker for the Defendants.

7. As directed in the Preliminary Injunction (Doc. No. 26 at 6, ¶ 7), to the extent they have not already done so, Defendants are directed to immediately provide Allianz with a list or documents reflecting every Allianz customer approached by the Defendants or their broker-sellers.

8. As directed in the Preliminary Injunction (Doc. No. 26 at 6, ¶ 8), to the extent they have not already done so, Defendants are directed to provide Allianz with a complete list of every Allianz customer who surrendered, partially surrendered, or otherwise withdrew any cash value from an Allianz policy or product as a result of a solicitation by Defendants or their broker-sellers, whether or not the surrender or withdrawal resulted in an investment with the Defendants.

9. Should the Defendants discover at any time in the future that they have failed to comply with the mandatory relief found in Paragraphs 2-8 of this Permanent Injunction through oversight, inadvertence, neglect, or for any other reason, Defendants are directed to immediately

notify Allianz's counsel, and supplement the information listed in Paragraphs 2-8 to bring Defendants into compliance with Paragraphs 2-8. Should Defendants discover information that should have been destroyed, but was not destroyed, pursuant to Paragraph 3, Defendants are directed to immediately destroy such information, and to immediately disclose the destruction and the surrounding facts and circumstances to Allianz's counsel.

10. This Permanent Injunction is binding upon Defendants Cain and Gold Distributors, Inc., as well as other persons or entities in active concert or participation with them including but not limited to those individuals and entities identified in pages 6 and 7, paragraphs 10(a) and (b) of the Preliminary Injunction Order (Doc. No. 26), who have received notice of this Permanent Injunction by personal service or otherwise, and over whom this Court may exercise personal jurisdiction.

11. This Consent Order for Permanent Injunctive Relief may not be appealed by either party.

12. This Court shall retain jurisdiction to enforce the terms of this Permanent Injunction. Allianz's claims for damages are preserved and this action is hereby **DISMISSED without prejudice** to Allianz's right to pursue its remaining claims for damages.

13. The Clerk of Court is directed to close this case.

Signed: July 26, 2013

Robert J. Conrad, Jr.
United States District Judge

**CONSENTED AND AGREED TO BY:**

| | |
|---|---|
| **ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA** | **JORDAN S. CAIN and GOLD DISTRIBUTORS, INC.** |

/s/ Raboteau T. Wilder, Jr.
Raboteau T. Wilder, Jr.
North Carolina Bar No. 5891
rwilder@wcsr.com
G. Michael Barnhill
North Carolina Bar No. 9690
mbarnhill@wcsr.com
WOMBLE CARLYLE SANDRIDGE
 & RICE, LLP
One Wells Fargo Center, Suite 3500
301 South College Street
Charlotte, North Carolina 28202
Telephone: (704) 331-4900
Facsimile: (704) 331-4955

James F. Jorden (*pro hac vice*)
jfj@jordenusa.com
Julianna Thomas McCabe (*pro hac vice*)
jt@jordenusa.com
Jason P. Kairalla (*pro hac vice*)
jpk@jordenusa.com
JORDEN BURT LLP
777 Brickell Avenue, Suite 500
Miami, Florida 33131
Telephone: (305) 371-2600
Facsimile: (305) 372-9928

*Attorneys for Plaintiff Allianz Life*
*Insurance Company of North America*

/s/ Andrew S. Culicerto
Andrew S. Culicerto
North Carolina Bar No. 31470
aculicerto@slk-law.com
SHUMAKER, LOOP & KENDRICK, LLP
First Citizens Bank Plaza
128 South Tryon Street, Suite 1800
Charlotte, North Carolina 28202-5013
Telephone: (704) 375-0057
Facsimile: (704) 332-1197

*Attorneys for Defendants*
*Jordan S. Cain and Gold Distributors, Inc*